# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

ALWYN LUCKEY                                                                                          PLAINTIFF

V.                                                                      CIVIL ACTION NO. 1:05CV89-JAD

RICHARD F. SCRUGGS, P. A., ET AL                                                         DEFENDANTS

## ORDER GRANTING ATTORNEYS' FEES AND EXPENSES

The court has reviewed the pleadings filed by the parties pursuant to the court's opinion of July 20 , 2005, awarding attorneys' fees and expenses in this cause and is prepared to rule. The court agrees with the parties that this determination is governed by state law. In this regard, the court is mindful that Mississippi precedent states that the award must be reasonable and that "reasonableness" is governed by Rule 1.5(a) of the Mississippi Rules of Professional Conduct. See, e.g., *BellSouth Communication, LLC, et al*. v. *Board of Supervisors of Hinds County, Mississippi, et al.,* 2005 Miss. LEXIS 390 (decided June 23, 2005). Moreover, the court has taken into account the factors listed in *McKee v. McKee*, 418 So. 2d 764 (Miss. 1982).

This litigation has been fiercely litigated for close to twelve years by lawyers with great skills for both sides. The award of attorneys fees in this case was punitive in nature as explained in the court's earlier opinion. This does not mean, however, that the court will abandon its duty under Mississippi precedent to determine a reasonable fee. While the court does not believe that a contingency fee of 35% is unreasonable in general, the compensatory damages in this case were greatly increased by the allowance of prejudgment interest at the statutory rate of 8%. To couple the prejudgment interest and a 35% contingency fee results in an unreasonable fee in the court's opinion. Accordingly, the court finds that the 35% contingency fee will be allowed only on the sum

of $7,427,790.04, which is the amount the court found was due plaintiff before the prejudgment interest, plus 35% of any amounts recovered pursuant to the OHL and HAVS settlements as delineated in the court's amended judgment of July 26, 2005. The defendants shall pay the sum of $2,599,726.51 in attorneys' fees within 30 days of this order. The attorneys' fees on the OHL and HAVS settlements shall be paid within 30 days of the final accounting in that litigation.

As for the expenses, the court finds that the request for $1,186,020.81 after deductions to be reasonable under the circumstances of this case. Accordingly, this sum shall be paid within 30 days of this order.

SO ORDERED, this 2nd day of September, 2005.

/s/ JERRY A. DAVIS
UNITED STATES MAGISTRATE JUDGE